UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

De'Jhan Q. Sanders,

        Plaintiff,        Case No. 21-cv-12537

v.                             Judith E. Levy
                               United States District Judge

Sgt. Purdum, *et al.*,

                               Mag. Judge Jonathan J.C. Grey
        Defendants.

_____/

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL [1]**

Before the Court is Plaintiff De'Jhan Q. Sanders' *pro se* complaint filed under 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff, a state prisoner currently incarcerated at the Macomb Correctional Facility in Lenox Township, Michigan, is proceeding without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a)(1). (ECF No. 7.) Plaintiff brings this suit against Defendants Sgt. Purdum and Corrections Officers Martinez and Ling, all in their official and individual capacities (hereinafter, jointly the "Individual Defendants"), as well as the Michigan Department of Corrections (the "MDOC"). (ECF No. 1.) He alleges the Individual Defendants beat him without provocation on two different occasions,

causing him severe physical and mental injuries for which he seeks money damages. (*Id.*)

Because the MDOC is immune from suit, the Court dismisses the MDOC as a defendant. The remainder of the complaint may proceed against the Individual Defendants.

## I. Background

Plaintiff alleges that the Individual Defendants beat him severely on two different occasions, despite Plaintiff having been cooperative and posing no threat in both instances. On June 6, 2021, Plaintiff was returning to his cell from the A-wing showers. (ECF No. 1, PageID.5.) Defendant Martinez shot him in the back with a Taser and jumped on his back so hard Plaintiff lost feeling in his legs. (*Id.*) Defendants Ling and Purdum then joined the assault and attempted to break Plaintiff's arms. (*Id.*) Following the incident, Plaintiff received misconduct tickets which were ultimately dismissed. (*Id.* at PageID.6.) After the dismissal, Defendant Ling told Plaintiff to watch his back. (*Id.*)

Plaintiff spoke to a counselor about the incident on July 16, 2021, telling her the officers had attacked him but "nothing was being done."

(*Id.* at PageID.5.) He stated that he was "in the hole" (in segregation) and suicidal. (*Id.*) The counselor did not respond and walked away. (*Id.*)

Five minutes after the counselor left, the Individual Defendants arrived and attacked Plaintiff again for twenty minutes. (*Id.*) He was "punche[d], kicked, stomped, [and] pepper sprayed," despite not being combative and not resisting. (*Id.*) Defendant Purdum clapped while the beating took place and encouraged Defendants Ling and Martinez to hurt Plaintiff further. (*Id.*) During the second incident, Defendant Martinez also sprayed Plaintiff's "whole body" with pepper spray, and Plaintiff was not permitted to shower to wash off the spray. (*Id.* at PageID.7, 8.)

Plaintiff told other staff members he was being targeted by the three officers and feared for his safety. (*Id.* at PageID.10.) He filed a grievance regarding the incidents, which resulted in more harassment, false misconduct tickets, and time in segregation. (*Id.*)

Plaintiff lists numerous injuries from the two incidents, including searing pain in his back, not being able to move his legs, dizziness and weakness, black eyes, a busted lip, and bleeding cuts on his legs. (*Id.* at PageID.5, 7–8.) Plaintiff also reports he was held in handcuffs for twelve

3

hours after the first incident, causing open wounds on his wrists that required medical treatment. (*Id.* at PageID.8.)

Plaintiff claims the use of excessive force violated his Eighth Amendment rights. (*Id.* at PageID.9.) He has requested money damages in the sum of $500,000.00 for the physical and mental abuse he suffered at the hands of the MDOC staff. (*Id.* at PageID.8–9.)

## II. Legal Standard

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from defendants immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The dismissal standard under the PLRA is equivalent to that of Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). When evaluating a complaint under that standard, courts "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to

4

relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted).

Federal Rule of Civil Procedure 8(a) requires a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)–(3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal citation omitted). The pleading standard in Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Moreover, a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). And "naked assertion[s] devoid of further factual enhancement" will not survive screening. *Bickerstaff v. Lucarelli*, 830 F.3d 388, 401 (6th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678) (brackets in original).

5

"[A] complaint can be frivolous either factually or legally." *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) (citing *Hill v. Lappin*, 630 F.3d at 470). The former is found "when [the complaint] relies on 'fantastic or delusional' allegations"; the latter, "when 'indisputably meritless' legal theories underlie the complaint[.]" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)).

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by a person acting under color of state law." *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). *Pro se* civil rights complaints are construed liberally. *See Stanley v. Vining*, 602 F.3d 767, 771 (6th Cir. 2010).

### III. Analysis

Defendant MDOC will be dismissed from the complaint. Claims against the MDOC are "'barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit,' or unless Congress has

expressly abrogated Eleventh Amendment immunity." *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984)) (alteration in original) (internal citations omitted). "Michigan has not consented to the filing of civil rights suits against it in federal court." *Id.* (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)). Nor did Congress abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983. *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005).

Accordingly, the MDOC will be dismissed from the case. Plaintiff's claims against the Individual Defendants survive screening under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and may proceed.

## IV. Conclusion

For the reasons set forth above, **IT IS ORDERED** that Defendant Michigan Department of Corrections is **DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED.

Dated: December 6, 2021         s/Judith E. Levy
   Ann Arbor, Michigan          JUDITH E. LEVY
                                United States District Judge

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 6, 2021.

                                            s/William Barkholz
                                            WILLIAM BARKHOLZ
                                            Case Manager